People v Guzman (2014 NY Slip Op 09014)





People v Guzman


2014 NY Slip Op 09014


Decided on December 24, 2014


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2014
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2012-03243
 (Ind. No. 781/11)

[*1]The People of the State of New York, respondent, 
v
Eusebio Guzman, appellant.


Lynn W. L. Fahey, New York, N.Y. (Kathleen Whooley of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, N.Y. (John Castellano, Johnnette Traill, Ellen C. Abbot, and Christopher J. Blira-Koessler of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered March 21, 2012, convicting him of course of sexual conduct against a child in the second degree (two counts) and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel under the United States Constitution or the New York Constitution (see Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147).
The defendant's remaining contentions are unpreserved for appellate review (see CPL 470.05[2]), and we decline to review them in the exercise of our interest of justice jurisdiction.
RIVERA, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court